

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 24, 1958

Honorable A. C. Spencer
Executive Director
Texas State Soil Conservation Board
1112 First National Bank Building
Temple, Texas

Opinion No. WW-419

Re: Authority of the State Soil Conser-
vation Board to compensate Field
Planning Engineers in an amount in
excess of the salary schedule of
other employees of the State Soil
Dear Mr. Spencer:     Conservation Board.

    You have requested our opinion on the following ques-
tion:

    "For the purpose of fulfilling the responsi-
bilities delegated to the State Soil Conservation
Board, in Section 3(b) of Senate Bill #1, Acts of
the Fifty-fifth Legislature, First Called Session,
may the State Soil Conservation Board pay from un-
expended balances for the current biennium (Sept.
1, 1957 - Aug. 31, 1959) an engineers salary that
is in excess of salaries paid to other employees
of the State Soil Conservation Board?"

    Your request for an opinion has been supplemented by
the following information:

    "The two Field Planning Engineers presently
employed by the State Soil Conservation Board are
not engineers. They are graduates in the field of
Agriculture and work with boards of supervisors of
soil conservation districts in planning programs
to apply such practices as range management, cover
cropping and residue management. They also assist
local districts in organizing local people as well
as state and federal agencies in carrying out the
districts program. This position is in no way simi-
lar or comparable to the engineer employed to help
develop a Master Plan for Upstream Flood Prevention
for Texas.

"The employee whose salary is in question is a graduate engineer with 17 years experience in planning and constructing upstream flood prevention structures."

The pertinent provisions of House Bill 133, Acts of the Fifty-fifth Legislature, Chapter 385 (General Appropriation Act), contain the following appropriation to the Soil Conservation Board:

"Out of General Revenue Fund:

"For Salaries, Wages and Per Diem---

| | | | |
|---|---|---|---|
| "1. | Board Members, Per Diem ...... | $ 2,500 | $ 2,500 |
| 2. | Executive Director ............ | 7,200 | 7,200 |
| 3. | Field Planning Engineers, NTE $6,300 ................. | 12,600 | 12,600 |
| 4. | Executive Assistant .......... | 5,400 | 5,400 |
| 5. | Secretary ..................... | 3,420 | 3,420 |
| 6. | Seasonal and Part-time Help .. | 950 | 950 |

"Total, Salaries, Wages and
Per Diem  .................... $ 32,070     $ 32,070

". . .

"Any unexpended balances in the reappropriations authorized by the Fifty-fourth Legislature, of funds and properties to the Soil Conservation Districts, are hereby reappropriated for the biennium beginning September 1, 1957, for the purposes provided for under the Soil Conservation Statutes."

Section 3(a) and a portion of Section 3(b) of Chapter 11, Acts of the Fifty-fifth Legislature, First Called Session (Water Planning Act of 1957), provides as follows:

"Sec. 3(a).  The Planning Division shall be under the supervision and direction of the State Board of Water Engineers, and its functions shall be:

". . .

"(4)  To enter into contracts with federal, state and local political subdivisions and agencies including the State Soil Conservation Board

and any other persons, firm or corporation for topographic mapping, joint investigation and research in the field of water and soil resource planning.

"Sec. 3(b). . . .

"The State Soil Conservation Board is authorized to appoint a representative to advise and work with the Planning Division; the State Soil Conservation Board is hereby authorized to use any funds heretofore appropriated for use during the current biennium ending August 31, 1959, for the purpose of paying the salary, travel expenses and other expenses of the representatives appointed by the Soil Conservation Board."

Under the Water Planning Act of 1957, the Planning Division of the State Board of Water Engineers is authorized to enter into contracts with the State Soil Conservation Board for topographic mapping, joint investigation and research in the field of water and soil resource planning, and the State Soil Conservation Board is specifically authorized to expend funds appropriated by the current biennium Appropriation Act for the purpose of paying salaries, travel expenses and other expenses of the representatives appointed by the State Soil Conservation Board.

Items one through six of the appropriation to the Soil Conservation Board are made for the purposes of paying salaries while the remaining items are appropriated for the payment of other expenses. The previous unexpended balance is likewise appropriated to the Soil Conservation Board as a lump sum. Therefore, it is our opinion that the previous unexpended balance appropriated to the Soil Conservation Board as a lump sum may be expended for the purpose of paying salaries, travel expense and other expenses of the representatives of the Soil Conservation Board.

Section 8 of Article VI of the General Appropriation Act limits the compensation that may be paid employees, providing:

"Limitations on use of Other Expense funds for paying salaries and wages. None of the funds appropriated in Article I, II, and III of this act in items designated for travel expense, other operating expense, for capital outlay or equipment,

or for maintenance, miscellaneous and contin-
gent expenses, may be used for paying any
salaries and wages unless the language of those
items explicitly authorizes such use.

"In those instances where the language
of such items does explicitly authorize the use
of such funds for paying salaries and wages,
such employees shall not be paid a larger amount
than that provided in the regular appropriated
salary items for similar positions in such agency
of the State.  In the event there are no similar
positions within such agency, then such employ-
ees shall not be paid a larger amount than that
provided for similar work or positions elsewhere
in the State Government.  In the event common
laborers, skilled laborers, and mechanics cannot
be obtained at the salary rates indicated in
this paragraph, then the head of such agency of
the State may pay for temporary employment only
at rates not exceeding the prevailing wage scale
paid in the locality where temporary service is
to be rendered."

In view of the provisions above quoted, the salaries
that may be paid from the lump sum appropriation are limited
to (1) that provided in the regular appropriated salary items
for similar positions in such agency of the State, and (2) that
provided for similar positions elsewhere in the State govern-
ment.

According to your request, the first limitation is in-
applicable for the reason that no similar position exists with-
in the Soil Conservation Board, and you state that the position
is comparable to the positions set out in Items 5, 8, 9, 14,
21 and 22 of Section IV of Senate Bill I, Acts of the 55th Leg-
islature, First Called Session, Chapter 11, page 23 (Water
Planning Act of 1957).  The limitations contained in these items
are $9,000 and $8,600 per annum, depending on the particular
position.  It is, therefore, our opinion that you are authorized
to set the salary of the representatives appointed by the Soil
Conservation Board, pursuant to the Water Planning Act of 1957,
at any sum not to exceed $9,000 or $8,600 per annum, whichever
is comparable.

## SUMMARY

The Soil Conservation Board is authorized to
pay the salaries of representatives appointed by
the Soil Conservation Board, pursuant to the
Water Planning Act of 1957, at any sum not to
exceed the salaries authorized by the Water
Planning Act of 1957 for similar positions.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
B. H. Timmins, Jr.
Mary K. Wall
W. E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert.